**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:07 cr 69-2**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **JAMES O. HENDERSON,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard before the undersigned, pursuant to a motion filed by defendant's counsel on September 25, 2007 entitled "Motion to Reconsider Detention Order" (#225) and from the evidence offered by the defendant and the evidence offered by the Government and the arguments of counsel for the defendant and the Assistant United States Attorney, the undersigned makes the following findings:

**Findings**.  On July 30, 2007 a criminal complaint was filed alleging that the defendant had entered into a conspiracy to commit the offense of operating an illegal gambling business, money laundering and witness tampering all in violation of Title 18 U.S.C. § 371, 1955, 1512, and 1956.  Thereafter, a bill of indictment was filed by the grand jury on August 2, 2007 presenting charges against the defendant and twenty-one other co-defendants.  In the bill of indictment, the grand jury presented charges against the defendant for entering into a conspiracy to operate an illegal gambling business, operation of an illegal gambling business, conspiracy to commit bribery, bribery of a law enforcement officer and conspiracy to commit money laundering.  A detention hearing was held for the defendant on

August 3, 2007. At that time, the undersigned entered an order detaining the defendant pending further orders of the court. On August 7, 2007, the undersigned entered a written Order of Detention (#59) in which the undersigned presented in writing the reasons for the court's decision to detain the defendant. The written detention order filed in this matter is incorporated herein by reference as if fully set forth herein.

On September 25, 2007 defendant's counsel filed a motion entitled "Motion to Reconsider Detention Order" (#225). In the motion, defendant's counsel sets forth that the defendant has been completely cooperative with the Government and that the Government has now taken the position that the defendant did not personally initiate any attempts to obstruct justice and that the court's basis for the detention of the defendant no longer exists. Thomas Boggs, attorney for the defendant, presented a proffer of evidence to the court wherein Mr. Boggs described that the defendant had been cooperative with the Government and had given extensive debriefings to the Government. Mr. Boggs further proffered to the court that the defendant had been an almost life-long resident of Inman, SC and that the defendant was the owner and operator of not only an amusement business but also a restaurant. Mr. Boggs further advised the court that the defendant was married and had an eleven year old minor child who resided with the defendant and his spouse. Mr. Boggs further advised the court that he had known the defendant for in excess of twenty years and that the defendant was known to be a person who was very interested in his community and who had been very generous in helping various persons in his community, including charities that would benefit minor children.

Mr. Boggs called as a witness for the defendant the defendant's spouse. She described the defendant as being an excellent husband and father. Mrs. Henderson further testified that she would be more than willing to act as a third party custodian for the defendant. Upon examination by the court, Mrs. Henderson testified that she had brought charges of criminal domestic violence against the defendant in October of 2001 and at her request, those charges had been dismissed.

Mr. Boggs further presented on behalf of the defendant, medical records which the court marked as defendant's Exhibit "D-1". The undersigned has read and examined those records and they show that the defendant has a degenerative disk disease at the L3-4 level and that he has discussed with his treating orthopaedic surgeon either a fusion or a total disk replacement. Mr. Boggs described to the court that the defendant was in need of care for his spine problem.

Richard Edwards, Assistant United States Attorney, advised the court that the Government, through its investigation, had determined that this defendant was not involved in obstruction of justice or intimidation of witnesses before the grand jury. Upon questioning by the court, Mr. Edwards told the court that the Government's evidence had confirmed that the defendant had paid a bribe to Sheriff Conner, the High Sheriff of Rutherford County in December of 2006 so that the defendant and his co-defendant's could operate an illegal gambling business in that county with impunity. Unknown to the defendant was the fact that Sheriff Conner video taped and recorded the meeting and was acting in a totally up-front and lawful manner and further, was acting in cooperation with the Government at the time of the

offer of and acceptance of the bribe and other bribes that were paid to Sheriff Conner during the period from December of 2006 until July of 2007. The acts have been further described in the order (#59) filed by the court on August 7, 2007. Mr. Edwards candidly advised the court that it was the position of the Government that the defendant should be released upon stringent terms and conditions of pretrial release.

**Discussion**. The charges against the defendant are not those as is described in 18 U.S.C. § 3142(e) for which a presumption of detention applies. The charges against the defendant are charges that this court considers to be described in 18 U.S.C. § 3142(2)(b) in that the charges against the defendant reveal acts that would obstruct or attempt to obstruct justice.

The undersigned, in making a determination to originally detain the defendant and to now reconsider that decision, has considered the factors as set forth under 18 U.S.C. § 3142(g). Those factors are as follows:

> 1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive devise;
>
> 2) The weight of the evidence against the person;
>
> 3) The history and characteristics of the person.

In applying those factors, the undersigned finds as follows:

(g)(1) The nature and circumstances of the offense charged do not involve a crime of violence, a crime of terrorism or involve a minor victim or a controlled substance, firearm, explosive, or destructive devise.

(g)(2) The weight of the evidence against the defendant appears to be strong and significant and, indeed, now appears to be more strong and significant than known to this court on August 3, 2007. The defendant has given statements in which he has admitted his involvement in the criminal activities described in the bill of indictment and perhaps even more criminal activities.

(g)(3) The court finds that the defendant has family ties, employment, financial resources and a long length of residence in the Spartanburg and Inman, SC communities. The defendant is married and his spouse is a reliable person and a person that this court would consider to be a good custodian for the defendant. The defendant has an eleven year old son with whom the defendant have and has a strong bond of love and affection. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant was convicted on April 14, 1993 in the General Sessions Court in Spartanburg County, SC of the crime of possession of cocaine with intent to distribute. In addition, the defendant's criminal history shows that he was convicted of petty larceny in Magistrate's Court in Spartanburg, SC on August 9, 1983; reckless driving in Spartanburg, SC on January 31, 1996. The defendant has appeared at all court proceedings as required. The defendant was not on probation, parole or other release pending trial when the offenses described in the bill of indictment occurred.

In regard to the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, it is still the opinion of the court that there is a risk of harm or danger to any other person or the community that would be posed by the

defendant's release. The court considers the office of the High Sheriff in various counties of North Carolina to be the highest ranked law enforcement official that the citizens of a county usually encounter. He or she is a person who is expected by the citizens of the county to honestly, forthrightly and vigorously enforce the criminal laws that protect the citizens of the county and the various communities located therein. The High Sheriff is relied upon by the citizens to be an honest and faithful law enforcement officer who has only the protection of the public as his or her highest goal. The defendant in this case, by the payment of bribes to Sheriff Conner and also the payment of bribes to other sheriffs whom the defendant described to Sheriff Conner as being under the influence of the defendant completely undermines the belief of the citizens of this state in their criminal justice system. To release this defendant would give him an opportunity, not only to bribe other sheriffs, but other law enforcement officials and would bring our criminal justice system into disrepute. Further, this defendant is one of the few defendants in this investigation who has a previous felony conviction. This defendant has a conviction for felony distribution of cocaine. The evidence that was presented to the undersigned on August 3, 2007 showed that the defendant paid a further bribe to Sheriff Conner in an effort to influence the prosecution of a controlled substance violation that had been charged in Sheriff Conner's county. Thus, the defendant was not only attempting to protect his illegal gambling business, he was further attempting to pervert the criminal justice system in regard to the use and possession of controlled substances.

The undersigned has been advised that the defendant is now cooperating with the

Government. If so, the release of the defendant would create a risk of harm to the defendant himself. Should various High Sheriffs and other law enforcement officers be subject to prosecution based upon testimony of the defendant, then the defendant's life would be at risk due to efforts that might be made to either influence the defendant not to testify or to preclude his testimony permanently.

The undersigned has sincerely considered the motion of the defendant and also the position of the United States Attorney, that being that the defendant should be released on stringent terms and conditions. However, based upon the above referenced finding, the undersigned cannot find that there are any terms and conditions of release of the defendant which would either not create a risk of harm to the community or to the defendant himself. As a result, the undersigned has determined to enter an order denying the motion of the defendant.

## ORDER

**IT IS, THEREFORE, ORDERED** that the defendant's "Motion to Reconsider Detention Order" (#225) is hereby **DENIED.**

Signed: October 14, 2007

Dennis L. Howell
United States Magistrate Judge